IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SCANNING TECHNOLOGIES INNOVATIONS LLC | § § § | |
| Plaintiff, | § § | Case No: |
| vs. | § § | PATENT CASE |
| RETAIL PRO INTERNATIONAL, LLC | § § § | |
| Defendant. | § § | |

## ORIGINAL COMPLAINT

Pursuant to F.R.C.P. 15(a)(1)(B), Plaintiff Scanning Technologies Innovations, LLC ("Plaintiff" or "STI") files this Original Complaint against Retail Pro International, LLC ("Defendant" or "RPI") for infringement of United States Patent No. 9,053,498 (hereinafter "the '498 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with its principal office located at 3131 McKinney Ave., Suite 600 Dallas, TX 75204

4. On information and belief, Defendant is a California limited liability company having a place of business at 400 Plaza Drive, Suite 200 Folsom, CA 95630.

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district. In addition, and in the alternative, Defendant has committed acts of infringement in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 9,053,498)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '498 Patent with sole rights to enforce the '498 Patent and sue infringers.

11. A copy of the '498 Patent, titled "System and Method for Network Operation," is attached hereto as Exhibit A.

12. The '498 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '498 Patent by making, using, importing,

selling, and/or offering for sale an online ordering and point of sale system covered by one or more claims of the '498 Patent. Defendant has infringed and continues to infringe the '498 Patent directly in violation of 35 U.S.C. § 271.

14. Defendant sells, offers to sell, and/or uses an online ordering system including, without limitation, the Retail Pro, Retail Pro 8, Retail Pro 9, and Retail Pro Prism system, and any similar products (collectively, "Products"), which infringe at least Claim 1 of the '498 Patent.

15. On information and belief the Products indicate the existence of a link (e.g., link to items on e-commerce platform through 24seven commerce, to which RETAIL PRO 9 (and or the other Retail Pro Products) is integrated) to information pertaining to an article of commerce (e.g., items listed in the Products).

16. A mobile device running the Toast POS software includes a portable handheld housing (e.g., the housing of the device and/or the housing of a scanner associated with the device such as, for example, a barcode scanner) and a communication interface. On information and belief, at least through internal testing, Defendant has used such mobile devices in connection with its Products.

17. The mobile device running the Retail Pro software includes a signal processing device (e.g., device processor) and a visual input device (e.g., tablet camera and/or scanner associated with the device). And, the visual input device is affixed within the portable handheld housing (e.g., of the device and/or the associated scanner).

18. The mobile device has an associated local database (e.g., information is stored locally on the device) which is configured to store data for use by the device. For example, on information and belief, the device running Retail Pro software has a local memory for storing

product information which enables adding items to a transaction in an offline mode.

19. On information and belief, the Products also include a server (e.g., a server that syncs with the Retail Pro software) in communication with the communication network. On information and belief, the server includes a database that stores a look-up table that includes a plurality of identification codes (e.g., UPC and/or other codes) associated with articles of commerce (e.g., menu items that can be sold through the Products). An example manifestation of the look-up table is illustrated below:



20. The look-up table also includes a plurality of information link indicators, such as "web item" checkboxes for example, which indicate the existence of a link. Each link indicator is associated with a respective identification code (e.g., UPC and/or other code) and article of commerce (e.g., item associated with the identification code). Each link indicator is configured as a status signal indicating whether or not a link exists to information about the product (e.g., indicating whether a link to the item is available online or not).

21. The visual input device captures an image of an article of commerce and decodes the image to obtain an identification code (e.g., UPC and/or other scan code). On information and belief, the processor of the mobile device is configured to look up the

identification code in the local look-up table (e.g., look up the UPC in the "item database" present in the device running Retail Pro, which also supports offline mode transactions) to determine from a respective link indicator whether or not a link exists for accessing information pertaining to an article of commerce associated with the identification code via the communication network (e.g., indication of existence of a link indicated by the "web item" checkbox being checked or unchecked for a particular product).

22. The signal processing device accessed by Retail Pro determines whether or not the link exists without accessing the communication network (e.g., the processor within the device running Retail Pro in offline mode determines whether or not the link exists by way of the "web item" indicator, without accessing the Internet).

23. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

24. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

25. Plaintiff is in compliance with 35 U.S.C. § 287.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 9,053,498 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Case 2:17-cv-00166-JRG-RSP   Document 1   Filed 02/28/17   Page 7 of 8 PageID #: 7

Dated: February 28, 2017               Respectfully submitted,

*/s/ Jay Johnson*
**JAY JOHNSON**
State Bar No. 24067322
**D. BRADLEY KIZZIA**
State Bar No. 11547550
**KIZZIA JOHNSON, PLLC**
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kjpllc.com
bkizzia@kjpllc.com

**ATTORNEYS FOR PLAINTIFF**

PLAINTIFF'S COMPLAINT AGAINST DEFENDANT RETAIL PRO INTERNATIONAL, LLC          PAGE | 7

# EXHIBIT A